IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESUS MIRAFUENTES-VALDEZ, | Case No. 4:23-cv-1289 |
| Petitioner, | JUDGE JAMES R. KNEPP II |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| WARDEN, FCI ELKTON | |
| Respondent. | **REPORT AND RECOMMENDATION** |

*Pro se* petitioner Jesus Mirafuentes-Valdez is a federal prisoner currently in custody at Federal Correctional Institution, Elkton ("FCI Elkton"). Mirafuentes-Valdez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") determination as to his eligibility for sentence credits under the First Step Act ("FSA"). ECF Doc. 1. Respondent Warden, FCI Elkton ("Respondent"), has moved to dismiss the petition, in part, for a failure to exhaust administrative remedies. ECF Doc. 4 at 3-4.

Because Mirafuentes-Valdez failed to exhaust his administrative remedies, I recommend that Respondent's motion to dismiss (ECF Doc. 4) be GRANTED, the habeas petition be DENIED, and the action be DISMISSED without prejudice.

**I.     Background**

After pleading guilty to four counts of distribution of methamphetamine, Mirafuentes-Valdez was sentenced in the District of Utah to a 60-month prison term in January 2021. ECF Doc. 1-2 at 8; ECF Docs. 1-3, 1-4, 1-5; ECF Doc. 4-1 at 1-2. Mirafuentes-Valdez is currently in

custody at FCI Elkton, after a transfer to that facility in March 2022. ECF Doc. 1 at 1; ECF Doc. 4-1 at 2, 7. Mirafuentes-Valdez's release date is March 30, 2024. ECF Doc. 4-1 at 2, 4-6. According to his petition, Mirafuentes-Valdez has earned nearly one-year of FSA credit which, he alleges, should have entitled him to release from prison on April 20, 2023. ECF Doc. 1-2 at 8; ECF Docs. 1-6, 1-7.

On April 17, 2023, the Department of Homeland Security ("DHS") served Mirafuentes-Valdez with a "Final Administrative Removal Order" that found him deportable as an alien convicted of an aggravated felony. ECF Doc. 1-11; ECF Doc. 4-1 at 9. The same day, Mirafuentes-Valdez alleges that he informally objected to the removal of his FSA credits with a BOP "case manager" who directed Mirafuentes-Valdez to contact DHS for further resolution of the matter. ECF Doc. 1 at 2; ECF Doc. 1-2 at 8.

Mirafuentes-Valdez took no further steps to seek relief through the administrative process; he did not file a written complaint with the warden or pursue any other administrative review/appeal with the BOP or prison officials. Instead, he filed the instant § 2241 petition on June 29, 2023. ECF Doc. 1. Mirafuentes-Valdez now seeks this court's intervention, moving the court to order the BOP to provide him with his earned FSA credits and recalculate his release date. *Id.* at 8; ECF Doc. 1-2 at 21. In response, Respondent filed a return of writ/motion to dismiss. ECF Doc. 4. Having not received any response from Mirafuentes-Valdez to the return of writ/motion to dismiss, the court established a "final deadline" for Mirafuentes-Valdez to file his traverse, which has since passed without a traverse being filed.[1] ECF Docs. 5, 6.

---

[1] The court issued an initial order setting an expedited briefing schedule and ordering Petitioner to file any responsive brief or traverse within 35 days of Respondent's responsive filings. ECF Doc 3. Respondent filed his return of writ/motion to dismiss on October 23, 2023. ECF Doc. 4. Petitioner did not file any response within 35 days and the court issued an order setting a final deadline of January 3, 2024 for Petitioner to respond. ECF Doc. 5. The court then issued a revised order setting the final deadline for January 17, 2025. ECF Doc. 6.

2

**II.     Law and Analysis**

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). Before seeking habeas relief under Section 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). As the Supreme Court has explained, exhaustion serves two important functions: (i) exhaustion protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being hailed into federal court; and (ii) exhaustion promotes efficiency, providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (internal citations and quotation marks omitted); *see also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16;

3

*Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, when available remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20-cv-01067, 2020 U.S. Dist. LEXIS 178112, at *2 (N.D. Ohio Sep. 28, 2020); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (stating that exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist"). The Sixth Circuit requires the prisoner to make some affirmative effort to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted). Moreover, a petitioner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see Bankhead v. United States*, No. 22-11656, 2023 U.S. Dist. LEXIS 117971, at *5-6 (E.D. Mich. July 10, 2023).

Respondent argues, in part, that this action should be dismissed because Mirafuentes-Valdez failed to exhaust his administrative remedies. ECF Doc. 4 at 3-4. For his part, Mirafuentes-Valdez conceded that he did not exhaust such remedies, but he requests that the court waive the exhaustion requirement because utilizing further steps in the administrative

4

process would be futile and cause irreparable harm. ECF Doc. 1-2 at 9-11. Mirafuentes-Valdez further argues that he should be excused from the exhaustion requirement because this matter solely involves questions of statutory construction. *Id.* at 10-11.

First, I find that Mirafuentes-Valdez has failed to exhaust his administrative remedies. Mirafuentes-Valdez not only concedes such a failure, ECF Doc. 1-2 at 9, but the record reflects that he stopped the administrative process after a BOP "case manager" denied his informal objection to the removal of his FSA credit, and Mirafuentes-Valdez filed the instant habeas petition before submitting a written complaint to the warden or otherwise initiating an appeal within the BOP. *See* ECF Doc. 1 at 2; ECF Doc. 1-2 at 8.

Second, I find that Mirafuentes-Valdez has not demonstrated futility or exceptional circumstances that would excuse the exhaustion requirement. Mirafuentes-Valdez claims that the BOP has misconstrued the requirements of the First Step Act and erred by retroactively eliminating his earned-time credits after the issuance of a final order of removal. *See* Docs. 1, 1-2. But Mirafuentes-Valdez cannot establish futility by merely claiming that he believes the BOP will not render a decision in his favor. *See Mejia v. Healy*, No. 4:23 CV 1468, 2023 U.S. Dist. LEXIS 169905, at *4-5 (N.D. Ohio Sept. 25, 2023). Moreover, courts have declined to find exhaustion futile because a petitioner has asserted entitlement to immediate release based on the petitioner's calculations. *See Deleo v. Paul*, No. CV 5:23-241-KKC, 2023 U.S. Dist. LEXIS 147160, *3-4 (E.D. Ky. Aug. 22, 2023) (collecting cases); *Thomas v. Paul*, No. 5:23-cv-00051-GFVT, 2023 U.S. Dist. LEXIS 29147, at *4 (E.D. Ky. Feb. 21, 2023) ("Nor is exhaustion 'futile' merely because the prisoner contends that, assuming his contentions are correct, he ought to be released before the exhaustion process can run its course.") (collecting cases). And Mirafuentes-Valdez has provided no evidence that Respondent, the regional director, or the BOP office of

5

General Counsel, were biased or had predetermined the resolution of Mirafuentes-Valdez's claim. Mirafuentes-Valdez took the initial step of making an informal complaint, immediately stopped the process by failing to take further affirmative steps, and then improperly claimed futility. *See Napier*, 636 F.3d at 223; *Hartsfield*, 199 F.3d at 309.

Finally, Mirafuentes-Valdez cites two Third Circuit cases for the principle that claims involving statutory construction should be excepted from the exhaustion requirement. ECF Doc. 1-2 at 10 (citing *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3rd Cir. 2016); and *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir. 1988)). But Third Circuit caselaw is not binding on this court. And other courts within the Sixth Circuit have rejected the Third Circuit's approach, finding that the calculation of earned-time credits under the FSA is not purely an issue of statutory interpretation, because it involves the application of the statute to the specific circumstances of an individual's case and involves a matter of uncertainty. *See, e.g.*, *Cook v. Hemingway*, No. 21-cv-11711, 2022 U.S. Dist. LEXIS 148154, at *8-9 (E.D. Mich. Aug. 18, 2022) ("Petitioner's claim does not 'solely' involve 'statutory interpretation.' The calculation of Petitioner's release date involves factors beyond the FSA's earned time credits, such as other program time credits, and the impact of possible disciplinary action."); *Dyer v. Fulgam*, No. 1:21-cv-104, 2021 U.S. Dist. LEXIS 155919, at *4 (E.D. Tenn. Aug. 18, 2021) ("As a preliminary matter, the Court notes that there is uncertainty as to which earned-time credits Petitioner is or will be entitled to, and, therefore, the issues presented by Petitioner are not ones of purely statutory interpretation that would exempt Petitioner from the exhaustion requirement."); *Maggio v. Joyner*, Civil Action No. 7: 21-21-DCR, 2021 U.S. Dist. LEXIS 58202, at *3 (E.D. Ky. Mar. 25, 2021) ("[The] petition does not seek merely an abstract interpretation of the FSA: he also seeks the Court's application of the [FSA's] provisions to his

6

particular circumstances (prior to any determination by the BOP, the agency charged with its administration) as well as the grant of affirmative relief to him, including his release from incarceration to home confinement."). Under current Sixth Circuit precedent, the BOP, not the district court, should calculate FSA credits in the first instance. *See United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996) (holding the issue of sentencing credit "is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for credit"); *see also United States v. Wilson,* 503 U.S. 329, 332-33 (1992) (holding that it is the BOP's obligation, not the court's, to compute and apply sentencing credits). As such, Mirafuentes-Valdez should not be exempted from the exhaustion requirement.

Because Mirafuentes-Valdez did not afford the BOP an opportunity to address his contentions in the first instance, and he has not otherwise demonstrated the rare circumstances that warrant a waiver of the exhaustion requirement, the court should deny the petition and dismiss this action without prejudice.

### III. Recommendation

For the foregoing reasons, I recommended that the Court GRANT Respondent's motion to dismiss (ECF Doc. 4), DENY the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and DISMISS the action pursuant to 28 U.S.C. § 2243 without prejudice to Mirafuentes-Valdez refiling a petition for habeas relief under Section 2241 after exhausting his administrative remedies with the BOP.

Dated: January 29, 2024

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).